CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
MAR 24 2011
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| AIMEE JOMAUR JACQUES, ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> LORETTA K. KELLY, ) <br> Respondent. ) | Civil Action No. 7:10-cv-00531 <br><br> **MEMORANDUM OPINION** <br><br> By: Hon. Jackson L. Kiser <br> Senior United States District Judge |

Aimee Jomaur Jacques, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner argues that his state court conviction violated due process. The respondent filed a motion to dismiss, and petitioner responded, making the matter ripe for disposition. After reviewing the record, I dismiss the petition as untimely filed.

I.

Petitioner is confined pursuant to a final judgment entered on June 2, 2006, by the Circuit Court of the City of Waynesboro. A jury convicted petitioner on November 23, 2005, of murder, robbery, and use of a firearm in the commission of a felony. On June 2, 2006, the circuit court sentenced petitioner to, inter alia, thirty years' incarceration for the murder conviction. Petitioner appealed to the Court of Appeals of Virginia, which denied his appeal on December 12, 2006, and denied his request for a three-judge panel on April 12, 2007. Petitioner appealed to the Supreme Court of Virginia, which refused the appeal on August 1, 2007, and denied a petition for a rehearing on September 25, 2007.

On September 23, 2008, petitioner mailed his first state habeas petition to the circuit court. The circuit court dismissed the petition on January 7, 2009, although the circuit court dated the order in the wrong year, 2008 instead of 2009.[1] Petitioner did not appeal the denial of his habeas petition to the Supreme Court of Virginia. However, petitioner filed another habeas petition with the Supreme Court of

Virginia, which it received on February 23, 2009, more than thirty days after the circuit court dismissed the first state habeas petition. The Supreme Court of Virginia dismissed the petition on April 16, 2009, because it was a successive petition, barred by Va. Code § 8.01-654(B)(2), and untimely, pursuant to Va. Code § 8.01-654(A)(2).

Petitioner filed the instant, federal habeas petition no earlier than November 25, 2010. Petitioner argues that the jury seeing him wearing a stun belt during his trial violated due process and he received effective assistance of counsel in violation of the Sixth Amendment.

II.

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1).[2] Generally, this period begins to run from the date on which the judgment of conviction becomes final.[3] See 28 U.S.C. § 2244(d)(1)(A). A conviction becomes final once the availability of direct review is exhausted. See United States v. Clay, 537 U.S. 522, 524 (2003). However, the one-year filing period is tolled while an inmate's properly filed application for State post-conviction relief or other collateral review is "pending." 28 U.S.C. § 2244(d)(2). See Wall v. Kholi, No. 09-868, 562 U.S. ___,

---

[1] Upon a motion by the Commonwealth, the circuit court entered a corrected order in February 2011 that recognized and corrected the clerical mistake by substituting January 2009 for January 2008.

[2] The one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2244(d)(1)(A)-(D).

[3] Petitioner did not argue timeliness under subsections (B) through (D).

2

2011 U.S. LEXIS 1906, at *27, 2011 WL 767700, at *10 (Mar. 7, 2011) (discussing proceedings that qualify as collateral review).

Petitioner's § 2254 petition is untimely under § 2244(d)(1)(A). Petitioner's conviction became final on December 24, 2007, when the time expired for petitioner to seek an appeal from the Supreme Court of Virginia to the United States Supreme Court. Petitioner filed his first state habeas petition in September 25, 2008, nine months after his conviction became final. See Houston v. Lack, 487 U.S. 266, 276 (1988) (describing the prison-mailbox rule). The circuit court dismissed the habeas petition in January 2009, and petitioner did not note an appeal within thirty days. Accordingly, the time the habeas petition was pending before the circuit court and the subsequent thirty-day period to note an appeal is tolled, and the federal statute of limitations began running again in early February 2009. Petitioner filed the instant petition in November 2010, twenty-one months later. Therefore, the total non-tolled time that ran between when petitioner's conviction became final and when he filed the instant petition is more than thirty months. Accordingly, petitioner failed to timely file the instant petition, and the court must dismiss it unless the court tolls the statute of limitations because of other collateral attacks or equitable tolling.

Petitioner's second habeas petition filed directly with the Supreme Court of Virginia does not toll the statute of limitations because it was not a "properly filed" collateral attack. A habeas application is "properly filed when its delivery and acceptance are in compliance with the applicable laws and rules governing filings" including compliance with "the time limits upon its delivery." Artuz v. Bennett, 531 U.S. 4, 8 (2000). Because the untimely second state petition was not properly filed, it did not toll the federal statute of limitations. See Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005) (holding that time limits "are 'filing' conditions" and that where a state court has rejected a petition as untimely, "it was not

'properly filed'").

Petitioner's two previously attempted federal actions also do not toll the statute of limitations. Petitioner's two prior actions, Jacques v. Kelly, No. 7:09-cv-00139 (W.D. Va. May 29, 2009) ("Jacques I"), and Jacques v. Kelly, No. 7:09-cv-00493 (W.D. Va. Jan 19, 2010) ("Jacques II"), appeal dismissed, 387 Fed. App'x 378, 378 (4th Cir. July 8, 2010), were improperly filed attempts to free himself from incarceration. Jacques I was not properly filed because petitioner failed to file a verified petition necessary to invoke the court's subject matter jurisdiction and, instead, sought to appeal a state-court judgment to a federal district court. I dismissed Jacques II without prejudice because petitioner failed to comply with the court's conditional filing order directing him to file a verified habeas petition. Petitioner's failures to cure the deficiencies and to properly file these actions, which deprived the court of jurisdiction, even after the court explained the deficiencies and provided him extra time and documents cannot be attributed to circumstances external to petitioner's own conduct or constitute a properly filed collateral attack. Therefore, the time petitioner previously attempted to challenge his state-court conviction in federal court is not eligible to toll the statute of limitations.[4]

Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (internal quotation marks omitted) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Mere lack of knowledge about legal process or the statutory deadline for federal habeas relief does not support granting such extraordinary relief. See Harris, 209 F.3d at 330. Furthermore, the court does not find any extraordinary circumstances in this record that prevented petitioner from filing a timely petition.

See, e.g., United States v. Sosa, 364 F.3d 507, 512 (4th Cir.2004) (pro se status and ignorance of the law does not justify equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (noting that unfamiliarity with the law due to illiteracy or pro se status does not toll limitations period).

Petitioner argues that the clerical error in the circuit court's habeas dismissal order warrants equitable tolling. However, petitioner had not filed his circuit court habeas petition until September 2008, and, thus, a January 2008 order dismissing a petition filed in September 2008 is clearly a clerical mistake. Enforcing the statute of limitations in the face of such an obvious clerical mistake is not unconscionable nor would gross injustice result because of petitioner's lack of diligence in pursuing his available remedies. Accordingly, I find that petitioner filed his federal habeas petition beyond the one-year statute of limitations, petitioner is not entitled to equitable tolling, and the petition must be dismissed.

III.

For the foregoing reasons, I grant the respondent's motion to dismiss and dismiss petitioner's petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Based upon my finding that the petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a Certificate of Appealability is denied.

The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

**ENTER**: This 24th day of March, 2011.

Senior United States District Judge

---

[4] Regardless, the amount of time that would be tolled would be nine months, much less than the time needed to deem the instant petition timely filed.

5